RECEIVED
USDC CLERK, CHARLESTON, SC

2007 OCT 23  A 9 56

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurman Van Lilly, #297494 ) | C.A. No. 2:07-0999-JFA-RSC |
| *aka* Thurman V. Lilly, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Mr. Stan Burn, Warden of ) | |
| Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding **pro se** is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on July 27, 2007. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, Thurman Van Lilly, is presently confined in the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Georgetown County Clerk of Court. The Georgetown County Grand Jury indicted Petitioner at the June 2003 term of court for assault with intent to commit criminal sexual conduct in the first degree (03-GS-22-736), and indicted him at the August 2003 term of court for criminal domestic violence of a high and aggravated nature (03-GS-22-1142). ROA. pp. 768-71.

1

On October 27-31, 2003, he received a jury trial before the Honorable Steven H. John, and he was found guilty as charged. Judge John sentenced him to twenty years imprisonment for assault with intent to commit criminal sexual conduct in the first degree and ten years imprisonment for criminal domestic violence of a high and aggravated nature to run concurrently. Petitioner appeared pro se at trial; Richard Coleman, Esquire, was appointed as his stand-in counsel. App. p. 1-763.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Tara S. Taggart represented him on appeal. Taggart filed a motion to be relieved as counsel and for the appointment of outside counsel on November 27, 2004, which motion was denied. Petitioner filed a Motion to Relieve Counsel or to Substitute Counsel on June 7, 2005, to which the state responded on June 17, 2005. The South Carolina Court of Appeals denied the motion to relieve counsel in an Order dated July 12, 2005.

On July 15, 2005, Taggart filed a Final Anders Brief of Appellant, along with a Petition to be relieved as counsel, in which the following issue was presented for review:

> Whether the trial judge erred in refusing to allow evidence of the victim's previous sexual conduct based on the "Rape Shield Statute"?

Final Anders Brief of Appellant at p. 3.

Petitioner then filed a Notice of Appeal on August 1, 2005, appealing the Order denying his Motion to Relieve Counsel. He filed a Petition for Writ of Certiorari in the South Carolina Supreme Court, in which we made the presented the following issues:

> 1. Whether or not, it was error for the Court of Appeals to deny Appellant's Motion to Relieve Counsel or to Substitute Counsel, when no objection to the motion was made?
>
> 2. Whether or not, Appellant have a constitutional right to refuse the services of a ineffective and unethical lawyer?
>
> 3. Whether or not, ineffective assistance of counsel can be raised while appeal is pending?
>
> 4. Whether or not, South Carolina Constitution, United States Constitution, South Carolina Appellate Court Rules ... confer a right and or an obligation to a Pro Se Defendant who represented himself at trial, to perfect the appeal?

Petition for Writ of Certiorari at p. 2. The South Carolina Supreme Court entered an Order on September 20, 2005, denying the Petition.

On August 30, 2005, Petitioner filed a "Pro Se Brief" in the state court of appeals which presented the following questions:

> 1. Whether or not appellant's indictment for Assault with Intent to Commit Criminal Sexual Conduct First degree was defective on its face?
>
> 2. Whether or not it was necessary to require the state to elect between charges of the separate indictments for same offense?
>
> 3. Whether trial court erroneously ruled that appellant's arrest, arrest warrant, search, search

> warrant was legal and valid?
>
> 4. Whether trial court erroneously denied appellant's motion for direct verdict?
>
> 5. Whether trial court erroneously denied appellant's motion to suppress the "911" tape?
>
> 6. Whether trial court erroneously denied appellant's motion to suppress photographs of the victim?

Brief at p. 4.

On April 19, 2006, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted counsel's request to be relieved in an unpublished Opinion. <u>State v. Thurman V. Lilly</u>, 06-UP-222 (S. C. Ct.App., filed April 19, 2006).

Petitioner filed a Petition for Re-hearing and Re-hearing in Banc on April 28, 2006, and on July 5, 2006, the state court of appeals denied the Petition in two separate Orders.

On July 14, 2006, Petitioner filed a Petition for Writ of Certiorari in the South Carolina Supreme Court, in which he presented the following questions:

> 1. When a motion to quash an indictment is properly and timely made what actions are required by the Trial Court and or what are the remedies to an insufficient indictment?
>
> 2. When a trial court proceed[s] to trial on a defective indictment after proper motion to quash has been made, what relief is available to a convicted person?
>
> 3. Whether petitioner's indictment for assault with intent to commit criminal sexual conduct in the first degree, defective on its face?

4

4. Whether Petitioner was deprived the right to a fair trial when the State and Trial Court constructively amended the indictment, changing the nature of the offense [Actual] charged in the indictment? (Sic).

5. When trial court seek to instruct the jury on a lesser included offense of "assault with intent to commit criminal sexual conduct in the first degree" and that charge involves a household member, whether the charge to the jury should be, "Assault and battery of a high and aggravated nature [or] criminal domestic violence of a high and aggravated nature?"

6. Whether the State was required to elect between the two indictments because a defendant cannot be convicted of both an offense and a lesser-included offense when they are established by the very same acts?

7. Whether trial court erred in ruling petitioner's arrest, arrest warrant, search, and search warrant were legal and valid?

The South Carolina Supreme Court denied the Petition by an Order dated March 22, 2007. The South Carolina Court of Appeals sent the Remittitur to the Georgetown County on April 2, 2007. This petition followed on April 13, 2007.

The following documents are included in the file here:

1. The Record on Appeal from the direct appeal (2 vol.) (including the trial transcript; and the Georgetown County Clerk of Court's records);

2. The Motion to Relieve Counsel or to Substitute Counsel;

3. The Return to the Motion to Relieve Counsel or to Substitute Counsel;

4. The July 12, 2005, Order of the SC Court of Appeals;

5.  The August 17, 2005, Petition for Writ of Certiorari;

6.  The August 29, 2005, Petitioner's *pro se* Brief;

7.  The September 20, 2005, Order of the S.C. Supreme Court;

8.  The April 19, 2006, Opinion of the S.C. Court of Appeals;

9.  The "Petition for Re-hearing and Re-hearing En-Banc";

10. The July 5, 2006, Order denying Petition for Rehearing En Banc;

11. The July 5,2006, Order denying Petition for Rehearing;

12. The July 13, 2006, Petition for Writ of Certiorari;

13. The March 22, 2007, Order of the S.C. Supreme Court; and

14. The April 2, 2007, Remittitur.

## HABEAS ALLEGATIONS

In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner raised the following grounds for habeas relief:

> **GROUND ONE:** U.S. Constitution violations 5th, 6th and 14th amendment ie. Defective Indictment, Right to a fair Trial, and deprive of liberty due process of law. (Sic).
>
> **SUPPORTING FACTS:** Petitioner's indictment is defective on its face and petitioner made this fact know to the Trial Court prior to jeopardy attaching by way of motion to quash the indictment. The petitioner was denied the right to a fair trial, because of an inability to

6

sufficiently determine the exact nature and cause of the accusation intended to be charged by the indictment and the case that the indictment did not contain the necessary elements which constitutes the statutory offense, where by petitioner could adequately prepare a defense. Wherefore, petitioner was denied the due process ... (Sic).

**GROUND TWO:** U.S. Constitution violations 5th, 6th, 8th and 14th amends. ie. Defective Indictment, Right to a fair trial, Double Jeopardy, and deprivation of liberty without due process of the law. (Sic).

**SUPPORTING FACTS:** Petitioner's indictment No. 03-GS-2-0736 ... is defective on its face, and petitioner brought this to the Trial Court's attention prior to the jury being sworn and by motion to quash the indictment. Petitioner also made a motion to elect between the two separate indictments which if properly charged would contain the exact same elements required to prove the lesser included offense ... . Petitioner was for all intent and purpose convicted of both the greater and lesser offenses for which the prosecution intended to charge. Petitioner was denied the right to a fair trial, deprived of liberty without due process of the law, and was twice placed in jeopardy for the same offense. (Sic).

**GROUND THREE:** U.S. Constitution violations 4th, 6th and 14th amendments ie. Illegal Arrest, Search and Seizure, Right to a fair trial, and deprivation of liberty without due process and equal protection of the law. (Sic).

**SUPPORTING FACTS:** Petitioner was arrested in his home by a forced entry of officers ..., without an arrest or search warrant nor an exception to warrant requirement. Petitioner's conviction rest on lest than constitutional principals of the law, because Petitioner contended before the trial Court not to except personal jurisdiction over petitioner as a result of fruit of the poisonous tree. Petitioner was denied the right to a fair trial when Trial Court allowed the prosecution to

7

present evidence of forced entry of petitioner's home and not allow petitioner to present in all fairness proof that the officers did not have probable cause to believe that petitioner committed a crime or that any crime for that matter had been committed at the time of entry. ... (Sic).

**GROUND FOUR:** Actual Innocence. U.S. Constitution violations 6th, 8th and 14th amendments ie. Lack of probable cause, Right to a fair trial, Trial Court's ruling on motion for directed verdict, and deprivation of liberty without due process of law. (Sic).

**SUPPORTING FACTS:** The petitioner claimed his innocence from the very beginning and the alleged victim's story could not and still to this day cannot be corroborated by an evidence in the record. ... The victim was coerced into fabricating her story after being examined by a doctor, which confirmed ... she was not raped. The Trial Court refused to allow evidence that the victim had fabricated a similar story against several students at her high school. (Sic).

The petitioner was provided a copy of the respondents' summary judgment motion on July 27, 2007, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion on September 6, 2007. Hence it appears consideration of the motion is appropriate.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action

challenging the 1999 convictions. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The first requirement has been explained by the United States Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of

9

>the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

Id. at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522.

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief.

## DISCUSSION

Petitioner first ground is:

> "**GROUND ONE**: U.S. Constitution violations 5th, 6th and 14th amendment ie. Defective Indictment, Right to a fair Trial, and deprive of liberty due process of law. (Sic).
>
> **SUPPORTING FACTS**: Petitioner's indictment is defective on its face and petitioner made this fact know to the Trial Court prior to jeopardy attaching by way of motion to quash the indictment. The petitioner was denied the right to a fair trial, because of an inability to

10

>sufficiently determine the exact nature and cause of the accusation intended to be charged by the indictment and the case that the indictment did not contain the necessary elements which constitutes the statutory offense, where by petitioner could adequately prepare a defense."

It appears from the direct appeal pleadings that the Petitioner is complaining about his indictment for assault with intent to commit criminal sexual conduct in the first degree, although his trial court motion was to quash all indictments. His indictment for assault with the intent to commit criminal sexual conduct in the first degree read, "[t]hat Thurman Lilly did in Georgetown County on or about April 15, 2003, commit the offense of Assault with Intent to Commit Criminal Sexual Conduct in the First Degree in that he did assault the victim, Tasha L., with the intent to accomplish a sexual battery. This in violation of § 16-03-0656 <u>South Carolina Code of Laws</u>, (1976), as amended." App. 767.

Section 16-03-0656 provides that "an assault with intent to commit criminal sexual conduct described in the above sections shall be punishable as if the criminal sexual conduct was committed." The phrase "above sections" refers to § 16-3-652, criminal sexual conduct in the first degree; § 16-3-653, Criminal sexual conduct in the second degree; § 16-3-654, Criminal sexual conduct in the third degree; and § 16-3-655, Criminal sexual conduct with minors. These offenses contain different elements and specify different punishments.

While Petitioner's indictment does not specify the code section for criminal sexual conduct first degree, that code section is § 16-3-652. S.C. Code Ann. § 16-3-652 (2003) provides:

> (1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:
>
> (a) The actor uses **aggravated force** to accomplish sexual battery.
>
> (b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

Additionally, "aggravated force" as used in 16-353-1 (a) means that "the actor uses physical force or physical violence of a high and aggravated nature to overcome the victim or includes the threat of the use of a deadly weapon." S.C. Code Ann. § 16-3-651(c).

Elementally, the offense of assault with intent to commit first degree criminal sexual conduct is analyzed as: (1) an assault, and (2) criminal intent to commit criminal sexual conduct in the first degree. S.C. Code Ann. § 16-3-652, § 16-3-656; State v. Ervin, 333 S.C. 351, 510 S.E.2d 220 (Ct. App. 1998)(rev'd on other grounds by State v. Gentry, 363 S.C. 93, 610 S.E. 2d 494 (2005)). In order to prove assault with intent to commit first degree criminal sexual conduct, the state is not

required to prove conduct showing criminal sexual conduct in the first degree; however, the state must prove the intent to commit criminal sexual conduct in the first degree. Id.

Prior to the jury being sworn, Petitioner moved the trial court[1] as follows:

> Well, Your Honor, my contentions again that the sufficiency of the indictments. I would move at this time, Your Honor, that the indictments fail to state an act or crime that the Defendant can be found guilty by a jury, and indictments insufficiently states the cause. Basically to that , Your Honor, I would say the indictments are vague, too vague and ambiguous, and broad and overreaching, and that it's merely a face amount of a charging instrument, stating the --in general, the charges, form the statutory language, not specifically on any particulars in the indictment that- any acts the jury can find guilty. It's leaving the jury for inferences of several other crimes and elements of several different crimes in general, rather than specific. The particulars of the indictment, Your Honor, leaves too-there's too much inferences for the jury to draw form other crimes that I'm not being charged with, and also, the sufficiency of the evidence to support the indictment is lacking, that an assault with intent to commit criminal sexual conduct--there is insufficient evidence to support the indictment as well.

ROA pp. 70, 71.

---

[1] Since the S.C. Court of Appeals and the S.C. Supreme Court rejected this ground for relief in a summary manner, it is the trial court's ruling which the federal court is to consider. Ylst v. Nunnamaker, 501 U.S. 797, 111 S. Ct. 2590 (1991) (When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion.).

13

After hearing argument against the motion by the Solicitor, the court ruled,

> All right. The Court is taking Mr. Lilly's motions to be motions to quash the indictment. Those need to be made based upon defects apparent on the face of the indictment. They address the sufficiency of the indictment, not the sufficiency of the State's evidence. Examples might be where the indictment did not sufficiently charge the offense, or something of that nature. In examining the three indictments the State is proceeding upon, the Court finds that they are clear and specific. They set forth the necessary information in the body of the indictment, and reference the Code section , and the Court would decline to grant the motion to quash the three indictments as set forth. All right.

ROA p. 72.

Subsequently the trial judge charged the jury in relevant part:

> Now the other offense for which the defendant is charged is assault with intent to commit first degree criminal sexual conduct. The state must prove, beyond a reasonable doubt, that the defendant committed an assault upon the victim with the intent to commit first degree criminal sexual conduct. The first element the state must prove beyond a reasonable doubt is that the defendant committed an assault. An assault occurs when a person violently, or forcefully, attempts to hurt or injure another person, and has the present ability to complete that injury. An assault is the intentional creation of fear of immediate bodily harm. Next, the state must prove, beyond a reasonable doubt, that the defendant intended to engage in a sexual battery with the victim. Intent means intending the result which occurs, not accidentally or involuntarily. Intent may be shown by acts and conduct of the defendant, and other circumstances from which you may reasonable infer intent.

Sexual battery is sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body. The state must prove beyond a reasonable doubt, that the defendant intended to use aggravated force to accomplish sexual battery. Aggravated force means the use of physical force, or physical violence of a high and aggravated nature to overcome the victim, or the defendant intended for the victim to submit to sexual battery while the victim was also the victim of forcible confinement.

Now, if you do not find that the state has proven, beyond a reasonable doubt, the defendant has committed the offense of assault with the intent to commit criminal sexual conduct in the first degree, you may consider the offense of, or lesser included offense, of assault and battery of a high and aggravated nature. Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation. An assault occurs when a person unlawfully attempts, or offers to commit a violent injury on another person, and has the present ability to complete it. An assault is the intentional creation of a reasonable fear of immediate bodily harm. It's not necessary that the attempted injury or harm actually take place.

Battery is the unlawful touching of another person by a person who committed the assault. An unlawful touching can be caused by a part of the accused's body, or by any object the accused puts in motion. A battery is the completion of the assault, by using or applying force to another person, however slight, in a rude, angry, or resentful manner, without legal justification.

Once again, the state must also prove a circumstance of aggravation. Circumstance of aggravation include the use of a deadly weapon, the intent to commit a felony, the infliction of serious bodily injury, a great disparity between the ages, a disparity in the physical condition of the parties, a difference in the genders of the

>parties, taking of indecent liberties or familiarities with the female through the use of force, the purposeful infliction of shame or disgrace. Those are examples of circumstances of aggravation.

App. p. 729-731.

To pass constitutional muster, an indictment must meet a two-prong test: (1) the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces, and (2) the indictment must be specific enough such that the defendant could plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts. Russell v. U.S., 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1046-47 (1962); United States v. Daniel, 37 F.3d 272, 274 (4th Cir. 1992).

The indictment here does not meet that standard. Indeed a comparison of the indictment and the jury charge makes it patent that the petitioner had neither sufficient notice to defend the charges nor sufficient specificity to avoid a trial on the same charges.

Accordingly, it is recommended that the petition herein be granted. State v. Ervin, 363 S.C. 93, 510 S.E.2d 220 (Ct. App. 1998).

>Respectfully Submitted,
>
>*[signature]*
>
>Robert S. Carr
>United States Magistrate Judge

Charleston, South Carolina
October 22, 2007

16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).