IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thurman Van Lilly, #297494 | ) | C/A No.: 2:07-999-JFA-RSC |
| aka Thurman V. Lilly, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | ORDER |
| Mr. Stan Burtt, Warden of Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Thurman Van Lilly, initiated this action pursuant to 28 U.S.C. § 2254 seeking relief from his state criminal convictions. The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation filed October 23, 2007 ("Report") wherein he recommends that the petition for writ of habeas corpus be granted with respect to petitioner's Ground One, which challenges the sufficiency of the indictments. The Report sets forth in detail the relevant facts and procedure in this matter, and the court incorporates such without a recitation. In brief, petitioner appeared *pro se* at trial and was convicted by a jury for (a) assault with intent to commit criminal sexual conduct in the first degree and (b) criminal domestic violence of a high and aggravated nature. He was sentenced to twenty

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

years on the assault and ten years for the criminal domestic violence charge, with the sentences to run concurrently.

The respondent filed objections to the Report and Recommendation on November 9, 2007.[2] In its objections, respondent argues, *inter alia*, that petitioner's challenge to the sufficiency of the indictments fails to state a claim upon which federal habeas corpus relief may be granted. Petitioner filed a reply to respondent's objections on December 14, 2008. This matter is now ripe for review.

## STANDARD OF REVIEW

The standard governing a federal court's review of state habeas claims under 28 U.S.C. § 2254 is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

2

The Supreme Court has further interpreted these provisions to require that federal courts "accord considerable deference in their review of state habeas proceedings." *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). That is, so long as the state court applies the correct legal rule from Supreme Court cases, the state court decision cannot be deemed contrary to Supreme Court precedent. Further, a determination of a factual issue made by a State court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Finally, even if an error is identified, the error must have had a substantial and injurious effect or influence on the resulting conviction.

## DISCUSSION

Petitioner's allegation that the indictments were defective raises an issue of state law because it questions the interpretation of state statutes and, therefore, is not cognizable in a federal habeas case. *Wright v. Angelone,* 151 F.3d 151,157 (4th Cir.1998). Federal habeas corpus relief is only available to a state inmate "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Accordingly, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

Deficiencies in state court indictments "are not ordinarily a basis for federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985). Petitioner has not shown any deficiency in his indictments based on theses issues which made his trial so egregiously unfair as to amount to a deprivation of any federal right. *Id.*

In any event, in *State v. Adams*, 283 S.E.2d 582 (S.C. 1981) (overturned on other grounds), the South Carolina Supreme Court held that the indictment sufficiency test must be viewed with "a practical eye" and "an indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent conviction." A review of the indictments below reveals that they were sufficient under state law.

Additionally, Petitioner's assertions are not cognizable in a federal habeas action because the Fifth Amendment requirement of indictment by grand jury does not apply to the states. *See Alexander v. Louisiana,* 405 U.S. 625, 633 (1972) ("federal cases involving indictments are of little value when evaluating the sufficiency ... of a state accusatory pleading"); *Wilson v. Lindler*, 995 F.2d 1256, 1264 (4th Cir. 1993) (Widener, J., dissenting), adopted, 8 F.3d 173, 175 (4th Cir. 1993) (en banc) (per curiam); *see Wilson,* 995 F.2d at 1264 n. 6; *Ashford v. Edwards*, 780 F.2d 405 (4th Cir. 1985) (deficiency in state court indictments

4

are not ordinarily the basis for habeas relief unless deficiency made trial fundamentally unfair).

The Fourth Circuit has held that "even if we were to conclude after an independent review that the state court's holding was incorrect, we are nevertheless bound by it as a final determination of state law by the highest court of the state." *Id. See also Estelle, supra.* Thus, the petition fails to state a claim upon which federal habeas relief may be granted

CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, the objections thereto, and the petitioner's reply, the court rejects the Magistrate Judge's recommendation and instead denies the petition for writ of habeas corpus. Respondent's motion for summary judgment is granted. The petitioner's pending nondispositive motions are rendered moot.

Accordingly, the respondent's motion for summary judgment is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 28, 2008                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge